UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY G. McCALL and CAROLYN McCALL**                                          **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO.1:07CV008 LTS-RHW**

**TRUSTMARK NATIONAL BANK and JOHN E. WROLSTAD**            **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The Court has before it the motion [5] of Plaintiffs Henry G. McCall and Carolyn McCall (McCall) to remand. The state court complaint alleges the following material facts:

Plaintiffs own a residence situated at 101 Ramoneda Street, Bay St. Louis, Mississippi. They acquired this property in 1998 with a mortgage loan from Hancock Mortgage Corporation. At the time plaintiffs purchased their home, they also purchased a policy of flood insurance on this property (policy number 5005025233) through an insurance agency owned by Defendant John E. Wrolstad (Wrolstad). The premiums for this flood policy were allegedly paid by the lender acting as escrow agent. In 2000 Hancock Mortgage Corporation transferred the plaintiffs' loan to Defendant Trustmark National Bank (Trustmark). (Complaint Paragraph 6)

In March, 2003, the plaintiffs' property was refinanced through Trustmark. (Complaint Paragraph 7) On or about March 5, 2003, a first notice for renewal for the flood insurance policy was sent to Trustmark, Wrolstad, and the plaintiffs indicating that the flood policy would expire if a premium were not received within thirty days of the policy's expiration date. A second notice was sent on or about June 19, 2003, indicating the premium had not been paid. Plaintiffs contacted Wrolstad, and Wrolstad assured the plaintiffs that Trustmark would pay the premium. The premium was not paid; the policy expired; the plaintiffs were not notified of the expiration of the policy; and no replacement policy was purchased. (Complaint Paragraph 10)

When the plaintiffs' property was damaged by Hurricane Katrina, the plaintiffs made a claim for flood insurance benefits and only then discovered that they had no flood insurance coverage. (Complaint Paragraphs 9 through 13)

Plaintiffs have sued Trustmark and Wrolstad asserting three grounds for recovery: negligence (Count One), "detrimental reliance" (Count Two), and breach of contract (the loan agreement and Deed of Trust) (Count Three). These are all state law claims. Plaintiffs do not assert a right to a private cause of action under the National Flood Insurance Program.

This action was filed in the Circuit Court of Hancock County, Mississippi. The defendants have removed this action on the grounds that the complaint presents a question of federal law concerning the interpretation of the statutes and regulations of the National Flood Insurance Program and that this Court has exclusive jurisdiction to decide these issues under 42 U.S.C. §4072 and 28 U.S.C. §1331.

Defendants rely quite heavily on my opinion in *Catchot v. Felsher*, Civil Action No. 1:06CV677 LTS-RHW, 2006 WL 3313779 (S.D.Miss.) (*Catchot*) In that case I denied a motion to remand because the resolution of the merits of the controversy required the interpretation of renewal provisions governed by the terms of the National Flood Insurance Program and applicable regulations enacted to implement that program. Specifically at issue was the grace period afforded by these regulations and the question whether these regulations had been followed so that the existing policy was renewed. In order to resolve the *Catchot* claim, it would be necessary to interpret the terms of their existing flood policy and the applicable regulations governing renewal, and this type of interpretation is a matter that falls within exclusive federal jurisdiction under 42 U.S.C. §4072.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies, which are within the scope of exclusive federal jurisdiction. Compare *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge).

*Catchot* presented a question whether an existing policy of flood insurance was properly and timely renewed within the grace period established by the applicable regulations under the National Flood Insurance Program, a question of federal law. This is analogous to the issue of the effective date of a flood policy presented in *Smith v. National Flood Ins. Program*, 796 F.2d 90 (5th Cir.1986). These issues were controlled by regulations governing policies issued under the National Flood Insurance Act. The McCalls' claim raises no such issue.

The McCalls' flood insurance policy that was in effect in 2003 has unquestionably expired, and the plaintiffs are not claiming benefits under that policy or under any flood policy. The plaintiffs are contending that they have been harmed because the defendants allowed that flood policy to expire without securing another flood insurance policy or timely renewing the policy that was allowed to expire (as Wrolstad allegedly assured the plaintiffs the bank would do and as the plaintiffs allege the bank was contractually obligated to do). The plaintiffs allege that these acts and omissions amount to actionable negligence.

      In my view, this lawsuit is about the failure to procure flood insurance coverage, and therefore the controversy is not subject to exclusive federal jurisdiction under 42 U.S.C. §4072.  Although the regulations under the National Flood Insurance Act may play a part in deciding the merits of the plaintiffs' case, the plaintiffs' claim is based on theories of state law negligence, breach of contract, and "detrimental reliance," not on federal statutes or regulations, and the plaintiffs are not making a claim under any flood insurance policy.

      In these circumstances, I find that this Court does not have subject matter jurisdiction under 28 U.S.C. §1331.

      Accordingly, I will grant the plaintiffs' motion to remand.  An appropriate order will be entered.

      **DECIDED** this 2nd day of July, 2007.

                                         s/ L. T. Senter, Jr.
                                         L. T. SENTER, JR.
                                         SENIOR JUDGE